

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHNADER HARRISON SEGAL & LEWIS LLP | : | |
| | : | **CIVIL ACTION No.:** |
| **Plaintiff** | : | |
| | : | 18   4504 |
| **v.** | : | |
| | : | |
| **WILLIAM HENRY COSBY, JR.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant** | : | |

### NOTICE OF REMOVAL

Defendant, William Henry Cosby, Jr., by his counsel, Champion Law Office LLC, hereby submits this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support of removal, states as follows:

### STATEMENT OF THE CASE

1.  Plaintiff Schnader Harrison Segal & Lewis LLP (hereinafter "Plaintiff") commenced this action in state court by filing a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania on September 21, 2018. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.  Plaintiff, through its counsel, served Defendant with a copy of the Complaint by regular mail on or about September 21, 2018.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

3.  This Court has jurisdiction over this matter under 28 U.S.C. §1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as pled by Plaintiff.

4.      Plaintiff alleges in its Complaint that it is a Pennsylvania limited partnership with office at 1600 Market Street, Suite 3600, Philadelphia, PA 19103.

5.      Plaintiff alleges in its Complaint that Defendant resides at 8210 New Second Street, Cheltenham, PA 19027.

6.      Contrary to the allegation, Defendant is a citizen of Massachusetts and is domiciled in Shelburne, Massachusetts 01370.[1]

7.      Plaintiff's claims exceed the $75,000.00 in controversy requirement for diversity jurisdiction under 28 U.S.C. §1332(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.      Pursuant to 28 U.S.C. §1446(a), excepting the Complaint no further pleadings and papers were served on Defendant.

9.      This Notice of Removal has been filed within thirty (30) days of the date that service of the Complaint was effected on Defendant, which is the document from which it may first be ascertained that the case is removable.  Removal is therefore timely in accordance with 28 U.S.C. §1446(b).

10.      This Court is the proper venue for filing of this Notice of Removal pursuant to 28 U.S.C. §1441(a) and §1446(a), because the U.S. District Court for the Eastern District of Pennsylvania is the Federal Judicial District embracing the Court of Common Pleas of Montgomery County where the State Court action was originally filed.

11.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania

---

[1] Due to his celebrity status and his interest in keeping his personal address private, Defendant has omitted his street address and house number. To the extent the disclosure of Defendant's street address and house number becomes necessary, the undersigned will provide such information.

2

concurrently with this filing. A true and correct copy of the Notice of Filing Notice of Removal being concurrently filed is attached as Exhibit "B".

## **CONCLUSION**

12.    By this Notice of Removal, Defendant does not waive and expressly reserves any and all objections it may have as to service, jurisdiction, venue, or other defenses or objections it may have to this action.

13.    Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Defendant William Henry Cosby, Jr. respectfully requests that the State Case now pending in the Court of Common Pleas of Montgomery County, Pennsylvania be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

CHAMPION LAW OFFICE LLC

By:  Vincent L. Champion, Esquire
     Attorney I.D. No. 88411
     Kayla L. Rost, Esquire
     Attorney I.D. No. 322768
     Champion Law Office, LLC
     1 Irvine Row
     Carlisle, PA 17013
     717-701-8821
     vchampion@championlawofficellc.com
     *Attorneys for Defendant William Henry Cosby Jr.*

**EXHIBIT A**

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

SCHNADER HARRISON SEGAL & LEWIS LLP

vs.

WILLIAM HENRY COSBY JR.

NO. 2018-21548

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SCHNADER HARRISON SEGAL & LEWIS LLP**
By: WILBUR L. KIPNES (I.D. No. 19501)
    wkipnes@schnader.com
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
Telephone: (215) 751-2336
Facsimile: (215) 751-2205

*Attorneys for Plaintiff Schnader Harrison*
*Segal & Lewis LLP*

| | | |
|---|---|---|
| SCHNADER HARRISON SEGAL & LEWIS LLP, 1600 Market St., Suite 3600 Philadelphia, PA 19103, | : | IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA |
|     Plaintiff | : | |
| v. | : | NO. 2018-21548 |
| WILLIAM HENRY COSBY, JR., 8210 New Second Street Cheltenham, PA 19027, | : | |
|     Defendant. | : | |

## COMPLAINT

William Henry Cosby, Jr. owes Schnader Harrison Segal & Lewis LLP

$282,948.40 in unpaid bills for legal fees and expenses. While the unpaid bills date back to

August 2017, at no time between then and the end of August 2018 did Cosby or any of his

authorized representatives who received and reviewed Schnader's bills utter a single concern

about the amounts billed or any of the supporting time entries. Quite to the contrary, Cosby's

consistent response to Schnader's repeated requests for payment was to assure Schnader that it

would be paid, most recently by August 15, 2018. When no payment was forthcoming,

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Schnader advised Cosby that absent prompt payment, Schnader would file suit on September 4, 2018. Rather than agree to pay, Cosby, through counsel, stated for the first time that he would question Schnader's bills if sued, and suggested that Schnader should instead agree to a confidential "arbitration/mediation" proceeding. Schnader kept to its word and commenced suit by Writ of Summons on September 4, 2018. Even the filing of the Writ has not caused Cosby to accept responsibility for his obligations. Schnader therefore now files this Complaint and in support states as follows:

1.      Schnader is a Pennsylvania limited partnership with offices at 1600 Market Street, Suite 3600, Philadelphia, PA 19103.

2.      Cosby is a citizen of the Commonwealth of Pennsylvania who resides at 8210 New Second Street, Cheltenham, PA 19027.

3.      Cosby and Schnader entered into an engagement letter dated January 29, 2016. A copy of the engagement letter is attached as Exhibit A.

4.      The engagement letter is addressed to Monique D. Pressley, Esq., a Washington, D.C. lawyer who functioned as Cosby's general counsel with respect to the many related legal matters he faced at that time. Cosby signed the engagement letter on March 1, 2016.

5.      The engagement letter set forth the then current hourly rate of Samuel W. Silver, Esq., the lead partner on the Cosby representation. The engagement letter further provided that the firm's hourly rates "are subject to change and are usually revised annually without further notice at the beginning of the year."

6.      Cosby subsequently retained Schnader in connection with several other matters, including the criminal proceedings in Montgomery County.

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7.    After repeated requests for payment, as explained more fully below, Cosby eventually paid all of Schnader's invoices covering work through June 30, 2017 in full, without questioning a single time entry.

8.    As set forth on the Statement of Account attached as Exhibit B, Schnader submitted 14 invoices between August 21, 2017, and July 25, 2018, all of which remain outstanding.

9.    Schnader addressed its bills for services from inception of the representation through June 30, 2016, to Ms. Pressley.

10.    In or about July 2016, Cosby directed that Schnader send its bills to Lawrence Witzer of Gettelson, Witzer & O'Connor, a California firm that provides business management services.

11.    Before August 2017, Schnader had worked on the criminal case against Cosby and other matters.  In August 2017, when Cosby reconstituted his legal team to defend the criminal re-trial, he asked Schnader to serve as Pennsylvania counsel of record.  Schnader agreed to do so on the understanding that Cosby's previous patterns of late payment would cease.

12.    Among several times that Schnader raised this issue, on August 22, 2017 Silver met in his office with Andrew Wyatt, Cosby's advisor and spokesperson.  During their meeting, Silver and Wyatt had a telephone conversation with Cosby's wife, Camille.

13.    At the time of the August 22, 2017 telephone call, Cosby owed Schnader $44,894.05 for services through June 30, 2017.  Silver stated that if Cosby paid the outstanding receivable of $44,894.05 by August 31, 2017, Schnader would be indulgent about monthly payments between then and year-end, provided that Cosby assured Schnader that it would be paid in full for all outstanding bills by December 31, 2017.  Silver also discussed with Wyatt and

Case# 2018-21549-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mrs. Cosby the possibility of a substantial retainer to protect the Schnader firm against the potential of recurrent late payments for future bills.

14.     Mrs. Cosby agreed that the $44,894.05 would be paid by August 31, 2017 and that all bills rendered by year-end would be paid by December 31, 2017.

15.     Despite Mrs. Cosby's agreement, the $44,894.05 remained unpaid on August 31, 2017.

16.     When Silver asked Wyatt to follow up, Wyatt referred Silver to attorney Tom L. Larkin, stating in an email dated September 15, 2017 on which Mr. Larkin was copied, "Mr. Larkin has been instrumental in providing legal advice to the Cosby's [sic] but most importantly, reviewing legal bills."

17.     In that same email, Wyatt advised Mr. Larkin "For almost (3) years, Mr. Silver has aided Attorney Angela Agrusa in Mr. Cosby's civil cases (Pennsylvania and Massachusetts). However, Mr. Silver is playing a more vital role as the firm that pro hac Attorney Tom Mesereau (LA) and Attorney Kathleen Bliss (NV) in Mr. Cosby's criminal case [sic]. Mr and Mrs. Cosby requested that I make an introduction to the both of you fine legal minds so that Mr. Larkin can review legal bills and all contractual obligations."

18.     Silver immediately (on September 15, 2017) responded to Larkin and Wyatt, stating:

> Thanks, Andrew.
>
> Tom, I will send you all pending bills. You should know that we have been rendering them on a regular basis, per our engagement agreement with the Cosbys, and we have sent them to the person directed by the Cosbys (Larry Witzer – per Mrs. Cosby's directive). There has never been a single question raised about the billing. The sole issue is that our bills have not been timely paid, and that is a concern for obvious reasons. So I very much welcome and appreciate your involvement in helping to establish a

4

Case # 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

regular process by which our bills will be paid monthly, as they are rendered (we do not have a retainer, but we would be happy to switch to that mechanism if it is preferred by the Cosbys).

Sam

19.     Silver and Larkin spoke later that same morning.  During that telephone conversation, Larkin asked for a copy of Schnader's engagement letter, which Silver promptly provided.

20.     During their September 15, 2017 telephone call, Silver and Larkin also discussed the idea of a $300,000 "retainer" that Silver had previously raised with Mrs. Cosby and Wyatt.  Silver explained to Larkin and reiterated in a September 18, 2017 email:  "I did talk with Andrew Wyatt about a retainer of $300,000, but that was certainly not a fixed or capped fee, as that figure would have been quite low for such an arrangement.  Rather, that was a retainer that would enable us to be paid on a regular basis (rather than having to bother the Cosbys to pay our monthly bills) until it was substantially depleted, at which it point it would have to be replenished."

21.     Schnader received no further word from Larkin or any other representative of the Cosbys regarding payment, so Silver emailed Larkin on September 26, 2017, asking simply, "May I have an update?"

22.     On October 4, 2017, Schnader finally received payment of $44,894.05 – the amount due as of June 30, 2017.  As noted, Schnader has not received any further payment for its legal services.

23.     On December 5, 2017, Silver sent an email to Wyatt in which he recounted the firm's agreement not to press for monthly payments if Cosby assured Schnader that the invoices submitted by year-end would be paid by December 31.  At that time, and as set

5

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

forth in the December 5 email, Schnader's unpaid invoices for services through November 30, 2017 totaled $79,559.56.

24.     Hearing no response from Wyatt or any other representative of Cosby, Silver followed up with emails to Wyatt dated December 19, 26, and 27, 2017.

25.     By email to Silver dated December 27, 2017, Wyatt stated that he had spoken with Mrs. Cosby, who informed him that she would be unable "to hold the commitment to fulfill payment by December 31, 2018." He added that Mrs. Cosby would need until after the second week in January to make the payment.

26.     No payment was made by December 31 or by the second week of January 2018. Nor did Silver hear further from Wyatt. Silver thus sent email messages on January 4 and 15, 2018, to lead criminal defense counsel, Thomas Mesereau, to request his assistance.

27.     In the meantime, with the criminal trial rapidly approaching and pretrial motions due at the end of January, Schnader continued work so as not to jeopardize Cosby's defense. Schnader billed approximately $183,000 for work in December 2017 and January 2018. Schnader's work was done at the request and direction and with the knowledge of Cosby's lead trial counsel, as well as Wyatt, Cosby himself, and other members of Cosby's team. All of the work was promptly billed. None of the work was ever questioned.

28.     On February 13, 2018, Silver once again contacted Wyatt, asking that he ensure payment of the outstanding receivable by March 1, 2018. Again, Silver also sought the assistance of trial counsel. Receiving no response, on February 19, Silver again emailed Wyatt and lead trial counsel.

29.     Wyatt responded to Silver that day, copying Mesereau and trial co-counsel Kathleen Bliss, as follows:

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Sam,

I'm sorry for the late response but I have forwarded your invoices to the clients and they're [sic] accountants for review.

30.     Silver responded on February 19, also copying trial counsel:

I appreciate that, Andrew. Just in case there is any uncertainty on your end (or Tom's or Kathleen's), all invoices were submitted to Larry Witzer as they were generated, per the Cosbys' instructions. And we have never had a single question raised about the work we performed and billed.

I will appreciate your following up so that you can let me know when the bills will be paid.

Thanks again.

Sam

31.     The next day, February 20, 2018, Wyatt emailed Silver: "Sam, I wanted to give you an update that your bill is being thoroughly reviewed by the clients and if questions/concerns are presented, you will be apprised." Wyatt copied Mr. Larkin, attorney Wayne Gross, of Greenberg Gross LLP (which was representing Cosby in civil litigation and also assisting with the criminal case), as well as Mesereau and Bliss.

32.     Schnader was never apprised of any "questions/concerns" regarding its bills. Indeed, as of the date of the filing of this Complaint, and despite the recent threat to raise such questions, Schnader has never been apprised of a single such question.

33.     Silver requested payment by emails to Wyatt on March 8, 13, 15, 22, and 27, 2018.

34.     Wyatt responded to Silver's message of March 13, 2018, copying Larkin:

Sam,

7

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> In all due respect, I'm not the Cosby's [*sic*] accountant nor do [I]
> have power [of] attorney over thief [*sic*] dollars, so I did my part in
> forwarding your bills to the proper people.
>
> I understand that one can't determine the tone of an email/text
> message but I will send your demands again to the Cosbys.
>
> Kindest Regards,
>
> Andrew V. Wyatt
> Purpose PR Firm

35.     On June 4, 2018, Debbie Meister, a personal assistant to Cosby, whose

email address is dmeister@billcosby.com, sent an email to Silver.  The "Subject" line stated

"from Mr. C."  The email states:

> Dear Sam,
>
> This email is to notify you that Mr. Cosby is planning to send a
> payment to your firm sometime this summer.
>
> Thank you for your patience.
>
> Regards,
> Debbie
> On behalf of Mr. Cosby

36.     Silver responded to Meister on June 6, 2018, providing her with an

invoice-by-invoice breakdown of the amount owed to Schnader and asking for further

clarification and commitment that Cosby intended to pay in full.  Silver included the following

request in this message:  "So that I can keep people here satisfied that we truly will be paid, I

would appreciate your having Mr. Cosby sign something, ***indicating that he intends to pay the***

***entire amount set forth below by August 15.***" (emphasis added)

37.     Silver followed up with Meister by email messages dated June 15, 18, 25,

and July 2, 2018.  Meister responded cordially to these messages, advising Silver that she was

forwarding his messages and attempting to get answers but that she did not have any herself.

8

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

38.     On July 26, 2018, Meister responded that "Mr. Cosby is raising funds to be able to pay you by August 15." Meister copied Alan Greenberg and Wayne Gross of the Greenberg Gross firm on this message.

39.     On August 14, 2018, Silver emailed Meister asking whether payment was still scheduled for August 15. He received no response. August 15 came and went without payment from Cosby.

40.     Silver e-mailed Meister on August 16. Meister advised Silver that he would be hearing from Cosby's new criminal defense counsel, which he did, only after emailing Meister again on August 21. Silver had communications with Cosby's new counsel beginning August 22.

41.     On August 30, 2018, Silver advised counsel by e-mail that if Schnader did not receive payment, the firm would file a lawsuit on the following Tuesday, September 4.

42.     Counsel's response was to assert that if Schnader started a lawsuit, Cosby would question the invoices. Counsel suggested that Schnader forego a lawsuit, agree to confidentiality, and participate in a binding "arbitration/mediation."

43.     Schnader commenced suit by Writ of Summons on September 4, 2018.

44.     Cosby has not paid anything towards Schnader's open invoices.

45.     Cosby owes Schnader the principal amount of $282,948.40. In accordance with the engagement letter, Cosby also owes a late fee of 1.5% per month for all balances past due over 30 days. All of the invoices at issue have been outstanding for more than 30 days.

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT I – BREACH OF CONTRACT

46.     Schnader incorporates the allegations in paragraphs 1 - 45 as though fully set forth.

47.     Cosby entered into a contract with Schnader by which he agreed to compensate Schnader for the legal services provided on his behalf, as reflected in the engagement letter dated January 29, 2016. *See* Ex. A.

48.     Schnader performed legal services on Cosby's behalf, for which it submitted 14 invoices between August 21, 2017, and July 25, 2018. *See* Ex. B.

49.     Cosby did not pay the invoices submitted by Schnader between August 21, 2017, and July 25, 2018.

50.     Cosby breached his contract with Schnader by failing to compensate Schnader in accordance with the terms of the engagement letter.

51.     As a direct and proximate result of Cosby's breach, Schnader has suffered damages in the amount of $282,948.40, as well as a late fee of 1.5% per month.

WHEREFORE, Schnader demands judgment in its favor and against defendants in the amount of $282,948.40, together with costs, late fees, and/or prejudgment interest.

Respectfully submitted,

/s/ Wilbur L. Kipnes
Wilbur L. Kipnes (I.D. No. 19501)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103-7286
Phone: (215) 751-2336
Fax: (215) 751-2205
wkipnes@schnader.com

*Attorney for Plaintiff Schnader Harrison Segal & Lewis LLP*

Dated: September 21, 2018

10

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Samuel W. Silver, hereby state:

1.      I am a partner at Schnader Harrison Segal & Lewis LLP;

2.      I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and

3.      I understand that this verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Date: September 21, 2018

_____
Samuel W. Silver

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit A

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

January 29, 2016

Samuel W. Silver
215-751-2309
ssilver@schnader.com

**_By Email_**

Mr. William H. Cosby, Jr.
c/o Monique D. Pressley, Esq.
The Pressley Firm PLLC
1629 K Street, NW, Suite 300
Washington, D.C. 20036

Re:  _Cosby v. American Media, Inc. et al._

Dear Mr. Cosby:

Thank you for choosing Schnader Harrison Segal & Lewis LLP to assist in representing you in connection with this matter.

The Rules of Professional Conduct require us to advise our clients of the terms of the engagement and the basis for our bills. We will bill you for legal services rendered on your behalf based on our hourly rates in effect at the time the services are rendered. I will be the lead attorney at our Firm performing work on your behalf. My hourly rate for this matter is $735. Any other attorney here who works on this matter will bill at a rate no higher than mine. Our rates are subject to change and are usually revised annually without further notice at the beginning of the year.

You are also responsible for the payment of disbursements made on your behalf, including without limitation, those for document production and reproduction, long distance telephone, special mailing and overnight couriers, telecopies, filing fees, court reporters, transcripts, experts, and the like, to the extent applicable. If the expense is in excess of $250 you may be asked to pay the vendor directly for any disbursements, and you agree that you will do so upon receipt of the vendor's bill.

This is not a contingent fee matter.

Our bills for fees and disbursements are rendered monthly, and payment is due upon receipt. Balances past due over 30 days are subject to a 1.5% per month late payment fee. If fees and disbursements are not paid in a timely manner, we also reserve the right to discontinue our representation in accordance with applicable law, at which point you agree to retain other counsel to represent you. Once a bill is rendered, if you have any questions about it or need back-up material regarding the invoice, please feel free to contact our Collections Manager, David Baback directly at (215) 751-2599. He will be able to help you in most

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 08/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Schnader...

Mr. William H. Cosby, Jr.
c/o Monique D. Pressley, Esq.
January 29, 2016
Page 2

After our services conclude, we will, upon your request, return the files for this matter, along with any funds or property of yours in our possession. If you do not request the files, we will retain them for a reasonable period of time after this matter is closed. If you do not request delivery of the files before the end of that period, we will have no further obligation to retain them and may, at our discretion, destroy them without further notice to you.

We trust that we will continue to earn your confidence throughout our engagement. However, if at any time you are not satisfied with the services we are rendering or the manner in which they are rendered, please call me immediately to discuss how we can better satisfy your needs. If you would prefer, feel free to call the Firm's Chairman, David Smith at (215) 751-2190 to discuss any of your concerns. We will do everything reasonably possible to make our relationship work for you.

We would appreciate your returning the enclosed copy of this letter signed by you indicating your agreement with the within provisions. If you have any questions, please do not hesitate to contact me before signing this engagement letter.

We look forward to working with you and hope we will earn your continued confidence.

Sincerely,

Samuel W. Silver
For SCHNADER HARRISON SEGAL & LEWIS LLP

AGREED TO AND ACCEPTED

Mr. William H. Cosby, Jr.
Date: 2/1/16

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit B

Case# 2018-21548-3 Docketed at Montgomery County Prothonotary on 09/21/2018 2:38 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Schnader Harrison Segal & Lewis LLP
Suite 3600
1600 Market Street
Philadelphia, PA 19103
(215) 751-2000

William H. Cosby, Jr.
c/o Lawrence Witzer, President
Gattleson, Witzer & O'Connor
16000 Ventura Blvd., Suite 900
Encino, CA 91436

STATEMENT OF YOUR ACCOUNT AS OF 09/11/2018

| Invoice Date | Invoice Number | Matter Number | Bill Amount | Payments | Balance |
|---|---|---|---|---|---|
| 08/21/2017 | 2423402 | 3015324-0006 | $294.00 | $0.00 | $294.00 |
| 08/21/2017 | 2423403 | 3015324-0007 | $4,040.00 | $0.00 | $4,040.00 |
| 09/13/2017 | 2424473 | 3015324-0007 | $43,321.47 | $0.00 | $43,321.47 |
| 09/13/2017 | 2424472 | 3015324-0006 | $252.00 | $0.00 | $252.00 |
| 10/20/2017 | 2426219 | 3015324-0007 | $9,517.10 | $0.00 | $9,517.10 |
| 11/02/2017 | 2426356 | 3015324-0003 | $2,745.50 | $0.00 | $2,745.50 |
| 11/02/2017 | 2426358 | 3015324-0007 | $19,389.49 | $0.00 | $19,389.49 |
| 12/07/2017 | 2428805 | 3015324-0007 | $13,856.10 | $0.00 | $13,856.10 |
| 01/17/2018 | 2430059 | 3015324-0003 | $542.10 | $0.00 | $542.10 |
| 01/17/2018 | 2430060 | 3015324-0007 | $61,800.94 | $0.00 | $61,800.94 |
| 02/05/2018 | 2430579 | 3015324-0007 | $122,721.57 | $0.00 | $122,721.57 |
| 02/05/2018 | 2430578 | 3015324-0003 | $103.00 | $0.00 | $103.00 |
| 04/09/2018 | 2433691 | 3015324-0007 | $4,262.13 | $0.00 | $4,262.13 |
| 07/25/2018 | 3004077 | 3015324-0003 | $103.00 | $0.00 | $103.00 |

TOTAL AMOUNT DUE $282,948.40

**Payment by Check to:**

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Attn:  David Baback
Federal Tax ID 23-1383844

**Payment by ACH or Wire to:**

WILMINGTON SAVINGS FUND SOCIETY, FSB
500 Delaware Avenue
Wilmington, DE 19801
Swift Code: WSFCUS33
ABA Number: 031100102
Account Number: 211208020

**Payment by Credit Card:**

Contact David Baback to process
your payment.
215-751-2599
dbaback@schnader.com

*Please include our client number and bill number on any payment method.*

**EXHIBIT B**

Vincent L. Champion, Esquire
Attorney I.D. No. 88411
Kayla L. Rost, Esquire
Attorney I.D. No. 322768
Champion Law Office, LLC
1 Irvine Row
Carlisle, PA 17013
717-701-8821
vchampion@championlawofficellc.com

| | |
|---|---|
| SCHNADER HARRISON SEGAL<br>& LEWIS LLP | : IN THE COURT OF COMMON PLEAS OF<br>: MONTGOMERY COUNTY,<br>: PENNSYLVANIA<br>: |
| Plaintiff | :<br>:<br>: NO.  2018-21548 |
| v. | :<br>: CIVIL ACTION - LAW |
| WILLIAM HENRY COSBY, JR., | :<br>: JURY TRIAL DEMANDED |
| Defendant | : |

## <u>NOTICE OF FILING OF REMOVAL</u>

TO THE PROTHONATARY:

Pursuant to 28 U.S.C. §1446(d), Defendant files herewith a true copy of the Notice of

Removal filed in the United States District Court for the Eastern District of Pennsylvania, and this

Notice of Filing of Notice of Removal.  A true and correct copy of the Notice of Removal is

attached hereto as Exhibit "A".

Respectfully Submitted,

CHAMPION LAW OFFICE LLC

/s/ Vincent L. Champion
By:  Vincent L. Champion, Esquire
Attorney I.D. No. 88411
Kayla L. Rost, Esquire
Attorney I.D. No. 322768
Champion Law Office, LLC
1 Irvine Row
Carlisle, PA 17013
*Attorneys for Defendant William Henry Cosby Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2018, a true and correct copy of the foregoing Notice of Filing Notice of Removal was served by means of electronic mail, upon the following:

Wilbur L. Kipnes
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103
wkipnes@schnader.com

/s/ Vincent L. Champion
Vincent L. Champion

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Removal has been served upon all other parties at the addresses below via the Court's CM/ECF

Court Filing System, this 19th day of October 2018.

Wilbur L. Kipnes
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103
wkipnes@schnader.com

Vincent L. Champion

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Schnader Harrison Segal & Lewis LLP

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilbur L. Kipnes; Schnader Harrison Segal & Lewis LLP
1600 Market Street, Ste. 3600
Philadelphia, PA 19103-7286

## DEFENDANTS

William H. Cosby, Jr.

County of Residence of First Listed Defendant   Franklin Co. MA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Vincent L. Champion; Champion Law Office, LLC
1 Irvine Row
Carlisle, PA 17013

18   4504

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Breach of Contract pursuant to state law

Brief description of cause:
Alleged failure to pay for services pursuant to contract terms.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   282,948.40

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

OCT 19 2018

DATE   10/19/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

18    4504

Address of Plaintiff: 1600 Market Street, Suite 3600, Philadelphia, PA 19103

Address of Defendant: Shelburne, Massachusetts

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-19-18    _____ Attorney-at-Law / Pro Se Plaintiff    88411 Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☒ 9. All other Diversity Cases
*(Please specify):* Breach of Contract

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Vincent L. Champion, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/19/18    _____ Attorney-at-Law / Pro Se Plaintiff    88411 Attorney I.D. # (if applicable)

OCT 19 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

v.                          :
                            :
                            :          18      4504
                            :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| 10/19/18 | | William H. Cosby, Jr. |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717-701-8821 | | VChampion@Championlawofficellc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 19 2018