UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCHNADER HARRISON SEGAL & LEWIS LLP** | : : | |
| **Plaintiff** | : : | CIVIL ACTION No.: 2:18-CV-04504 |
| v. | : : : | |
| **WILLIAM HENRY COSBY, JR.** | : : | JURY TRIAL DEMANDED |
| **Defendant** | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, William Henry Cosby, Jr., ("Cosby") by his counsel, Champion Law Office LLC, hereby submits this Answer with Affirmative Defenses.[1] Initially, Plaintiff's Complaint contains allegations within the introductory paragraph which is not a numbered paragraph and to which no response is required. To the extent a responsive pleading is required the allegations set forth therein are denied. Proof, thereof, if relevant, is demanded. With respect to the remainder of Plaintiff's Complaint, Mr. Cosby states as follows:

1. Admitted.

2. Denied. It is specifically denied that Mr. Cosby is a citizen of Pennsylvania. To the contrary, Mr. Cosby is a citizen of Massachusetts and is domiciled in Shelburne, Massachusetts. To that end, Mr. Cosby has owned property and resided in Massachusetts for in excess of forty-five (45) years. Proof to the contrary is specifically demanded.

3. The Engagement letter attached as Exhibit "A" is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To

---

[1] On or about October 11, 2018, Champion Law Office LLC was retained by Mr. Cosby. The undersigned subsequently entered into an agreement with Attorney Kipnes whereas Attorney Kipnes agreed to a 14-day extension for the submission of Mr. Cosby's Answer.

1

the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the Engagement letter, this paragraph is expressly denied.

4. The Engagement letter attached as Exhibit "A" is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the Engagement letter, this paragraph is expressly denied. Moreover, and by way of further response, Ms. Pressley was not Mr. Cosby's general counsel.

5. The Engagement letter attached as Exhibit "A" is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the Engagement letter, this paragraph is expressly denied.

6. Admitted.

7. Admitted in part. It is admitted only that Cosby remitted certain payments for legal work performed by Plaintiff. It is denied however that Cosby or representatives authorized to review and approve Plaintiff's invoices did not question a single time entry. Proof to the contrary is specifically demanded.

8. The Statement of Account attached as Exhibit "B" is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the Statement of Account, this paragraph is expressly denied.

9. The bills for service referenced within this paragraph are documents that speak for themselves, and any characterization of the content or nature thereof by the Plaintiff is specifically

denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the bills for service referenced therein, this paragraph is expressly denied.

10. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

11. Admitted in part. It is admitted only that prior to August 2017 Plaintiff provided legal representation to Cosby. It if further admitted that Plaintiff continued to be counsel of record to Cosby after August of 2017. By way of additional response, after reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

12. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

13. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

14. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

15. Admitted in part. It is admitted only that no payment was issued between August 1, 2017 and August 31, 2017. It is expressly denied however that Mrs. Cosby agreed to remit

payment in the amount of $44,894.05 on or before August 31, 2017. Proof to the contrary is specifically demanded.

16. The September 15, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

17. The September 15, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

18. Mr. Silver's September 15, 2017 responsive email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

19. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

20. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded.

21. Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded. By way of further

response, the September 26, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize or misconstrue the email referenced therein, this paragraph is expressly denied.

22.     Admitted in part.  It is admitted only that on or about October 4, 2017 Cosby remitted payment of $44,894.05.  It is however expressly denied that Plaintiff was entitled to subsequent payment for the alleged performance of legal work that was unauthorized or redundant legal work completed by lead counsel Thomas Mesereau or his team.

23.     The December 5, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

24.     The December 19, 26, and 27, 2017 email correspondence referenced within this paragraph are documents that speak for themselves, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

25.     The December 27, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

26.     Admitted in part.  It is admitted only that Cosby did not remit any payments between December 5, 2017 and December 31, 2017.  By way of further response, the January 4, 2018 and January 15, 2018 email correspondence referenced within this paragraph are documents

that speaks for themselves, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

27.     Denied. It is expressly denied that Cosby, Wyatt, Cosby's lead criminal attorney Thomas Mesereau or any other authorized representative directed or requested that Plaintiff perform legal work totaling $183,000.00 over the short period of two months. Indeed, and by Plaintiff's own admission, Plaintiff served as Cosby's counsel of record and Attorney Mesereau served as lead criminal defense counsel. Consequently, the overwhelming majority of the legal work was performed by Mr. Mesereau and his team. As counsel of record Plaintiff could not and did not reasonably provide legal services totaling $183,000.00 over the course of two months. Upon information and belief, any alleged legal work performed was unnecessary, duplicative of work performed by lead counsel, inflated and therefore unauthorized and inappropriate. Proof to the contrary is specifically demanded.

28.     Denied. After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied. Proof thereof, if relevant, is demanded. By way of further response, the February 19, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

29.     The February 19, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the

Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

30. The February 19, 2017 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

31. The February 20, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

32. Denied.  After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied.  Proof thereof, if relevant, is demanded.

33. The March 8, 13, 15, 22, and 27, 2018 email correspondence referenced within this paragraph are documents that speaks for themselves, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

34. The March 13, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

35. The June 4, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the

Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

36. The June 6, 2018 response referenced within this paragraph is a writing that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

37. The June 15, 18, 25 and July 2, 2018 email correspondence referenced within this paragraph are documents that speak for themselves, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

38. The July 26, 2018 correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

39. Admitted in part. It is admitted only that no payment was issued in August of 2018. By way of further response, the August 14, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

40. The August 16, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied. To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied. By way of further

response, the remainder of this paragraph is denied.  After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.  Indeed, the "counsel" referenced within this paragraph has not been identified.  Proof thereof, if relevant, is demanded.

41. The August 30, 2018 email correspondence referenced within this paragraph is a document that speaks for itself, and any characterization of the content or nature thereof by the Plaintiff is specifically denied.  To the extent Plaintiff attempts to interpret, mischaracterize, or misconstrue the email referenced therein, this paragraph is expressly denied.

42. Denied.  After reasonable investigation, Cosby is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph and the same are, therefore, denied.  Indeed, the "counsel" referenced within this paragraph has not been identified.  Proof thereof, if relevant, is demanded.

43. Admitted.

44. Admitted it part.  It is admitted only that Cosby has not remitted payment in connection with the claimed invoices.  However, it is expressly denied that Plaintiff is entitled to payment in full relative to the claimed invoices.  Proof to the contrary is specifically demanded.

45. Denied.  This paragraph contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are specifically denied.

**COUNT I-BREACH OF CONTRACT**

46. This paragraph incorporates the allegations contained in paragraphs 1-45 of the Plaintiff's Complaint.  Cosby therefore re-alleges and incorporates by reference his responses to Plaintiff's Complaint.  To the extent a responsive pleading is required, the same is denied.  Proof thereof, if relevant, is demanded.

47. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are specifically denied.

48. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are specifically denied.

49. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are specifically denied.

50. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are specifically denied.

51. Denied. This paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are specifically denied.

## AFFIRMATIVE DEFENSES

52. The averments contained within paragraphs 1-51 are incorporated herein by reference as though fully set forth at length.

53. Plaintiff fails to state a claim upon which relief can be granted.

54. Plaintiff's claim is without merit because the alleged work performed was unnecessary, duplicative, inflated and not authorized.

55. Plaintiff's claim is barred for failure of consideration.

56. Plaintiff's claim is barred under the doctrine of fraud.

57. Plaintiff's claim is barred under the doctrine of illegality.

WHEREFORE, Defendant William Henry Cosby, Jr. respectfully requests that the Plaintiff's Complaint be dismissed with prejudice.

                                    Respectfully submitted,

                                    CHAMPION LAW OFFICE LLC

                                    /s/ Vincent L. Champion
                            By:  Vincent L. Champion, Esquire
                                   Attorney I.D. No. 88411
                                   Kayla L. Rost, Esquire
                                   Attorney I.D. No. 322768
                                   Champion Law Office, LLC
                                   1 Irvine Row
                                   Carlisle, PA 17013
                                   vchampion@championlawofficellc.com
                                   717-701-8821